# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ADRIAN VITALIS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 4:13-cv-00933-RBP-PWG |
| ) | |
| **ERIC H. HOLDER, et al.,** ) | |
| ) | |
| Respondents. ) | |
| ) | |

## MEMORANDUM OPINION

This case is before the court on Respondents' Motion to Dismiss as Moot (Doc. # 9), filed November 12, 2013. In their motion, Respondents note that Petitioner was released from ICE custody on October 28, 2013, pursuant to an Order of Supervision. (Doc. # 9-1). Respondents argue that, because Petitioner has been released on an Order of Supervision, this case is due to be dismissed as moot.

On May 16, 2013, Petitioner filed a petition for writ of habeas corpus seeking to be released from custody pending his removal to Santa Lucia. (Doc. # 1). Because Petitioner has been released on an Order of Supervision, his petition seeking that very relief is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir.2003) ("a case must be dismissed as moot if the court can no longer provide 'meaningful relief'"); *see also Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (once a habeas petitioner is released from custody, he must demonstrate collateral consequences to avoid mootness doctrine). Accordingly, this matter is due to be dismissed. *Khader v. Holder*, 843 F. Supp. 2d 1202 (N.D. Ala. 2011). As a result, the pending motions for extensions of time filed by Respondents (Docs. ## 5, 6) will also be dismissed as moot.

A separate order will be entered.

**DONE** and **ORDERED** this the 18th day of November, 2013.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**