# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **ADRIAN VITALIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  4:13-cv-00933-RBP-PWG** |
| | ) | |
| **ERIC H. HOLDER, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Respondents' Motion to Dismiss as Moot (Doc. # 9), filed November 12, 2013.  In their motion, Respondents note that Petitioner was released from ICE custody on October 28, 2013, pursuant to an Order of Supervision.  (Doc. # 9-1).  Respondents argue that, because Petitioner has been released on an Order of Supervision, this case is due to be dismissed as moot.

On May 16, 2013, Petitioner filed a petition for writ of habeas corpus seeking to be released from custody pending his removal to Santa Lucia. (Doc. # 1).  Because Petitioner has been released on an Order of Supervision, his petition seeking that very relief is moot.  *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir.2003) ("a case must be dismissed as moot if the court can no longer provide 'meaningful relief'"); *see also Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (once a habeas petitioner is released from custody, he must demonstrate collateral consequences to avoid mootness doctrine).  Accordingly, this matter is due to be dismissed.  *Khader v. Holder*, 843 F. Supp. 2d 1202 (N.D. Ala. 2011).   As a result, the pending motions for extensions of time filed by Respondents (Docs. ## 5, 6) will also be dismissed as moot.

A separate order will be entered.

**DONE** and **ORDERED** this the 18th day of November, 2013.

---

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**